FILED
United States Court of Appeals
Tenth Circuit

**February 18, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHICO C. DAVIS,

    Defendant - Appellant.

No. 21-3206
(D.C. No. 6:11-CR-10194-EFM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Accordingly, we order the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Chico C. Davis appeals from the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

In 2012, Davis pleaded guilty to ten counts of being a felon illegally in possession of a firearm, in violation of 18 U.S.C. § 922(g), and several counts of distributing controlled substances, in violation of 21 U.S.C. § 841. Based on the serious and wide-ranging nature of the underlying convictions, as well as Davis's exceedingly extensive criminal history, the district court imposed upon Davis a lengthy sentence.[1] Davis filed two overlapping § 3582(c)(1)(A)(i) motions for compassionate release, which the district court considered in tandem. His motions noted he suffered from multiple serious health conditions, which heightened his risk for complications should he contract COVID-19. He also asserted he had taken steps in prison to improve himself. The district court denied Davis's motions in a written order.

A defendant cannot receive a sentence reduction under § 3582(c)(1)(A)(i) unless three prerequisites are satisfied: (1) there are "extraordinary and compelling reasons" for a reduction; (2) a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) based on its

---

[1]As the district court noted, after his convictions became final, Davis's sentences have been reduced for various reasons. Davis's current projected release date is October 23, 2032.

discretionary consideration of the § 3553(a) factors, the district court concludes "the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *United States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (quotation omitted). The court does not need to address these three prerequisites in any particular order and it must deny a sentence reduction if any of the three prerequisites is lacking. *See id.* at 942-43. Here, the district court concluded Davis failed to satisfy the third prerequisite for relief. On appeal, Davis argues that the district court erred in denying his motion for compassionate release based on his criminal history without balancing that history against his current characteristics. He also asserts the district court abused its discretion in refusing to grant him relief.

Davis is simply wrong in asserting the district court limited its analysis of the § 3553 factors to his criminal history. It is certainly true that the district court, quite reasonably, placed great emphasis on those factors. It noted the extensive nature of both Davis's criminal history and of the numerous crimes underlying his current sentence of incarceration. It then moved on, however, to note that the sentencing court undertook an extensive analysis of the § 3553(a) factors and concluded, on balance, that only a lengthy sentence would protect the public from future criminal activity on the part of Davis. The district court then

recognized Davis has served less than half of his sentence. Ultimately, the

district court concluded as follows:

> Reducing Defendant's sentence to time served would be a significant reduction and would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. Even though Defendant has serious health conditions, and the contraction of COVID-19 may make him more susceptible to serious health complications, reducing his sentence does not further sentencing objectives.

Thus, in contrast to Davis's assertion, the record makes patently clear that the

district court properly analyzed whether "the reduction authorized" by the

extraordinary and compelling reasons set out in Davis's motion "is warranted in

whole or in part under the particular circumstances of the case." *Hald*, 8 F.4th at

938 (quotation omitted). Furthermore, Davis does not come close to showing the

district court abused its discretion in denying his § 3582(c)(1)(A)(i) motion. The

district court's determination that the need to protect the public from further

criminal activity on the part of Davis outweighs the health risks to Davis from

continued incarceration is both reasoned and reasonable.

The order of the United States District Court for the District of Kansas

denying Davis's motion for compassionate release is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge